**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Criminal No. 15-74** |
| | **)** | |
| **JOSEPH V. MONROE** | **)** | |


## OPINION & ORDER ON MOTION TO DISMISS COUNT TWO

On April 2, 2015, a three-count Indictment was filed against Defendant Joseph V.

Monroe. In Count One, Mr. Monroe is charged with Hobbs Act Robbery in violation of 18

U.S.C. § 1951(a)(1) on or about February 25, 2015, by taking eight firearms and

approximately $1,230 in United States currency from an employee of Route 19 EZ Cash LLC

"against his will and by means of actual and threatened force, violence and fear of immediate

and future injury to his person."

Count Two charges Mr. Monroe with using, carrying, and brandishing a firearm

during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

The alleged crime of violence is the commission of the Hobbs Act Robbery charged in Count

One. Mr. Monroe is also charged in Count Three with violating 18 U.S.C. § 922(g)(1) for

possessing firearms after having been convicted of crimes punishable by a term of

imprisonment exceeding one year.

Mr. Monroe has filed the following pretrial motions: Motion to Dismiss Count Two

(ECF No. 34); Motion to Suppress Statements (ECF No. 35); Motion for Discovery (ECF No.

36); and Motion to Produce Evidence (ECF No. 37). In this Opinion we address Mr.

Monroe's Motion to Dismiss Count Two.

# I.

Before we discuss this specific case, we set forth the applicable statues under consideration. Title 18 U.S.C. § 924(c)(1)(A) alleged in Count Two provides in relevant part as follows:

> [A]ny person who, during and in relation to **a crime of violence** . . . uses or carries a firearm, shall, or who in furtherance of any such crime, possess a firearm, shall, in addition to the punishment provided for such crime of violence . . .
>
> . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; . . .

18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added).

Mr. Monroe has filed a Motion to Dismiss Count Two arguing that the underlying Hobbs Act Robbery set forth in Count One does not qualify as a "crime of violence" as a matter of law. Section 924(c)(3) defines a "**crime of violence**" as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C § 924(c)(3). Subsection (A) is commonly referred to as the "Force" clause, and subsection (B) is referred to as the "Residual" clause.

Mr. Monroe first argues that the predicate Hobbs Act Robbery does not qualify as a crime of violence because a Hobbs Act robbery can be committed without the use of an act of physical force. This argument depends upon analyzing the Hobbs Act Robbery statute under

2

the "categorical approach," which requires that the Court view only the elements of the statutory offense. Here, Mr. Monroe argues that a Hobbs Act Robbery can be committed by putting someone in fear of future injury to his person or property, which does not necessarily involve "the use, attempted use, or threatened use of physical force," and thus would not be a crime of violence under subsection 924(c)(3)(A), the Force clause. Finally, Mr. Monroe argues that a Hobbs Act Robbery also does not qualify as a crime of violence under the so-called Residual clause of subsection 924 (c)(3)(B), because he argues that the residual clause is unconstitutionally void for vagueness under the recent Supreme Court case of <u>Johnson v . United States</u>, 135 S.Ct. 2551 (2015).

In response, the government argues that contrary to Defendant's position, the "modified categorical approach" should be used, which would allow the Court to expand the analysis of the charged Hobbs Act Robbery beyond the bare elements of the crime to include the allegations set forth in the Indictment. The modified categorical approach is to be used only if we conclude that the Hobbs Act statute is a divisible statue that sets out one or more elements of the offense in the alternative. The government argues that the statute is divisible, and that a review of the Indictment clearly shows that Mr. Monroe is charged with a crime of violence. The government also argues that even if we were to use the categorical approach and look only at the elements of a Hobbs Act Robbery, the conclusion is the same: that a Hobbs Act Robbery is a crime of violence. Finally, the government argues that the statute is not unconstitutionally vague under the residual clause of 924 (c)(3)(B).

## II.

Our approach to researching the issues raised by Defendant's motion took into consideration that we must determine (i) whether the categorical or modified categorical approach applies to this case; (ii) if the categorical approach applies, then we must determine whether a Hobbs Act Robbery is a crime of violence pursuant to the Force clause of section 924(c)(3)(A); (iii) if the categorical approach does *not* apply, and we use the modified categorical approach, then we must determine whether the Hobbs Act robbery qualifies as a crime of violence under the Force clause; and (iv) if a Hobbs Act robbery does not qualify as a crime of violence under the Force clause, then does it qualify as a crime of violence under the Residual clause, which may involve a determination of whether the Residual clause is unconstitutionally vague.

Our research understandably revealed scant case law on the issues since the Supreme Court's decision in <u>Johnson</u> was decided on June 26, 2015. In general the cases addressing this issue conclude that Hobbs Act robbery is a crime of violence for purposes of section 924(c), but reach that result in varying ways.

### A. Finding the Statute is Divisible and Using the Modified Categorical Approach

In <u>United States v. Redmond</u>, 2015 WL 5999317, *3, (W.D.N.C. October 23, 2015), the Court viewed the Hobbs Act as a divisible statue setting forth "at least" six ways of committing a Hobbs Act violation including robbery and extortion. Using the modified categorical approach, the Court reviewed the Indictment and had no difficulty concluding that the indictment clearly alleged a crime of violence.

District Judge Max O. Cogburn, Jr. in <u>Redmond</u> was following his own earlier decision in <u>United States v. Mackie</u>, 2015 WL 5732554, at *3 (W.D.N.C. Sept. 30, 2015) ("Having determined under <u>Descamps[v. United States</u>, 133 S.Ct. 2276 (2013)]</u> that a modified categorical approach is applicable to the Hobbs Act robbery charged in Count One, the court has reviewed the Indictment, a <u>Shepard</u> approved document. Clearly, if the Hobbs Act robbery charged in this case includes as an essential element "physical violence" or "a threat of physical violence" . . ., then there is no doubt but that such offense would be well within the definition of "crime of violence" found in § 924(c)(3)(A).") <u>See</u> <u>also</u> <u>United States v. Anglin</u>, 2015 WL 6828070, at *7 (E.D. Wis. Nov. 6, 2015) (Finding that under the modified categorical approach Hobbs Act robbery is a crime of violence.

"court agrees that the statute is divisible. Thus, it can look to the Second Superseding Indictment to determine the nature of the charged crime.")

In <u>United States v. Evans</u>, 2015 WL 6673182, *2 (Oct. 20, 2015), the Court also found that the Hobbs Act is a divisible statute "because multiple versions of the crime are set forth in the statute as alternative elements of the offense."   However, the <u>Evans</u> Court then reviewed the Superseding Indictment "to determine the element of offense with which defendant is charged." <u>Id.</u> at *3.  The Superseding Indictment showed that the defendant, Evans, was charged with two counts of a Hobbs Act Robbery.  Next, the <u>Evans</u> Court viewed the elements of the Hobbs Act Robbery and concluded that the statute was not further divisible because the Hobbs Act Robbery provides for alternative means of committing the offense, as opposed to alternative elements.  Accordingly, the <u>Evans</u> Court went on to determine whether the statute was categorically a crime of violence under 924(c)(3)(B)'s Force clause.

5

Like in the present case, the defendant in Evans argued that the most innocent conduct by which a Hobbs Act Robbery can be committed is by "fear of injury, immediate or future, to another" person or his property, and that such conduct does not meet the standard to qualify as a crime of violence. Id. at *4. The argument presented by Evans, and by this Defendant, is that "a person may fear injury, or even suffer death or serious injury for that matter, without that fear or injury resulting from the use, attempted use, or threatened use of 'physical force'" as contemplated under section 924(c)(3)(A). Id. The example used in Evans (and in this case) is the threat of poisoning another, which would cause fear of injury to arise, but, would not, so the argument goes, involve the use or threatened use of force, as all that is required, for example, would be to sprinkle poison in another's drink. See United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012).

The Evans Court rejected this argument citing to the Supreme Court's decision in United States v. Castleman, 134 S.Ct. 1405, 1416-17 (2014), in which the Supreme Court, faced with a similar argument using poisoning as an example, stated that "[t]he use of force . . . is not the act of sprinkling the poison" but "the act of employing poison knowingly as a device to cause physical harm." Id. at 415. In his concurring opinion, Justice Scalia noted that "it is impossible to cause bodily injury without using force 'capable of producing that result.'" Id. at 1416-17 (Scalia, J. concurring). Therefore the Evans court concluded that placing someone in fear of bodily harm necessarily results from a threat of physical force, and thus found that a Hobbs Act robbery is categorically a crime of violence under the Force clause. 2015 WL 6673182, *6.

### B. Finding the Statute is NOT Divisible and Using the Categorical Approach

Several other courts have determined that the Hobbs Act is not divisible, employed the categorical approach, and concluded that Hobbs Act robbery is a crime of violence. United States v. Merinord, 2015 WL 6457166, at *3 (E.D.N.C. Oct. 26, 2015) ("It does not appear that the statute is divisible, as juries need not decide whether the defendant used actual force, threatened force, violence, fear, or acted under color of official right. Accordingly the Court will apply the categorical approach.") In Merinord, the Court also addressed the poisoning example and was emphatic in stating that the "Court can conceive of no scenario in which a person commits robbery by fear of physical injury without threatening physical harm to the person or property of another—even the vaunted example of poison fails. Where the victim necessarily experiences fear of bodily injury or fear of property injury, by definition, he must experience force capable of causing said injury." Merinord, 2015 WL 6457166, at *4. See also United States v. Hunter, 2015 WL 6443084, at *2 (E.D. Va. Oct. 23, 2015) ("it is apparent that robbery, in particular robbery accomplished with the use or display of a firearm, including Hobbs Act robbery, is unquestionably a crime of violence. The Court therefore finds that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A).")

In United States v Standberry, 2015 WL 5920008 (E.D.Va. Oct. 9, 2015), the Court raised the issue of the context in which the judicial construct of the categorical or modified categorical approach is used, noting that "[i]n the vast majority of cases, this one dimensional analytical construct is used by **sentencing courts** conducting a cold record review of a prior conviction to determine whether its elements square with the definition of "crime of violence" articulated in § 924(e)(3), the Armed Career Criminal Act." 2015 WL 5920008, at *2

(emphasis added). The Court further recognized that "[u]nlike the retrospective analysis conducted by sentencing courts, trial courts have the benefit of viewing the evidence as it unfolds." Id. Nonetheless, the Court, "[w]ith some reservation, . . . bow[ed] to the wishes of the parties and appl[ied] the categorical approach." Id. Ultimately, the Court found that Hobbs Act robbery is a crime of violence under the categorical approach.

### C. Finding the Categorical Approach Unnecessary on A Pretrial Motion to Dismiss

Finally, there is third avenue employed in which one Court took the analysis in Standberry to its logical conclusion by finding that "the categorical approach does not apply to pre-trial determinations as to whether a crime qualifies as a § 924(c) crime of violence." United States v. McDaniels, 2015 WL 7455539, at *3 (E.D. Va. Nov. 23, 2015). In McDaniels, the Court explained that the "phrase 'crime of violence' is an element of § 924(c)—rather than a sentencing factor—and therefore 'must be submitted to a jury and found beyond a reasonable doubt.'" 2015 WL 7455539, at *4 (citing Alleyne v. United States, 133 S. Ct. 2151, 2258 (2013). The Court explained in further detail as follows:

> the point here is that in this case the task of assessing whether the facts of the Hobbs Act robbery alleged here fit the definition set forth in § 924(c)(3) belongs to a properly instructed jury. Specifically, in the case at bar, a jury would be instructed that defendant's commission of the Hobbs Act robberies alleged qualify as crimes of violence only if the jury finds that the government has proven beyond a reasonable doubt that the commission of the Hobbs Act robberies "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To conclude otherwise—to conclude that the categorical approach applies and that a Hobbs Act robbery is not categorically a crime of violence for purposes of a motion to dismiss an indictment—would effectively eliminate § 924(c) offenses for cases where the predicate offense is a Hobbs Act robbery, even in the most violent of circumstances. This anomalous result is one that Congress clearly never anticipated or intended.

McDaniels, 2015 WL 7455539, at *4.

The McDaniels Court also explained why its conclusion made practical sense on a motion to dismiss in comparison to using the categorical approach at sentencing.

> Moreover, it would make no sense to apply the categorical approach to a pre-trial motion to dismiss an indictment because the practical considerations that gave rise to the categorical approach in the sentencing context are not present on a pre-trial motion to dismiss an indictment. Specifically, the categorical approach is necessary, for example, in the context of ACCA sentencing enhancements in order to avoid the difficult, and in some cases impossible, situations where a sentencing court would be required to re-try the factual basis for prior convictions. See Taylor v. United States, 495 U.S. at 600-02. Such practical difficulties are not present in the pre-trial context of a motion to dismiss an indictment because a court can—and indeed must—allow the jury to decide whether the government has proved the elements of the alleged crime beyond a reasonable doubt, including specifically in this case, whether the facts of the robberies establish that they were crimes of violence.

McDaniels, 2015 WL 7455539, at *4. Accordingly, the Court concluded that "the categorical approach does not apply on a pre-trial motion to dismiss an indictment, and therefore the question whether the commission of a particular Hobbs Act robbery qualifies as a § 924(c) crime of violence is properly submitted to a jury properly instructed as to the definition of a crime of violence set forth in § 924(c)(3)." McDaniels, 2015 WL 7455539, at *4.

It should be noted that immediately after reaching its conclusion the McDaniels Court went on to analyze , in the alternative, "whether Hobbs Act robbery is itself a crime of violence pursuant to § 924(c)(*3)," which in practice meant that the Court was determining whether the statute was categorically a crime of violence under 924(c)(3)'s Force clause. McDaniels, 2015 WL 7455539, at *4. The Court found that Hobbs Act robbery "clearly qualifies as a crime of violence under the Force Clause of § 924(c)(3)(A) because the definition of Hobbs Act robbery tracks the definition of common-law robbery, which reflects the content of the Force Clause." McDaniels, 2015 WL 7455539, at *5.

9

The McDaniels Court also dismissed the defendant's argument that there are scenarios in which a Hobbs Act robbery could occur without the use of physical force by reference to the Supreme Court's Castleman decision. McDaniels, 2015 WL 7455539, at *5. In McDaniels, the familiar poisoning example is used, but the Court also mentions additional examples of "threatening to expose a person to hazardous chemicals, threatening to place a barrier in front of a person's car, or threatening to lock a person up in the car on a hot day," as examples where one has threatened fear of injury or death but does not need to use physical force. McDaniels, 2015 WL 7455539, at *4. The McDaniels Court cited to the Supreme Court's rejection of the poisoning example, and quoted the Supreme Court's statement that "'it does not matter' that 'the harm occurs indirectly, rather than directly,' noting that under the defendant's reasoning, 'one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim.'" McDaniels, 2015 WL 7455539, at *5, quoting Castlemen, 134 S.Ct. at 1415.

Two cases from the Northern District of Indiana presented similar reasoning as the McDaniels Court as to why the categorical approach should not be used in a pretrial motion to dismiss a Hobbs Act count, but both courts withheld issuing a ruling in order to allow the parties to provide additional briefing. United States v. Bauserman, 2015 WL 8180019, at *3 (N.D. Ind. Dec. 7, 2015); and United States v. Church, 2015 WL 7738032, at *5 (N.D. Ind. Dec. 1, 2015)

The Church Court noted that "categorical and modified categorical frameworks establish the rules by which the government may use *prior convictions* to enhance certain federal sentences and to deport certain aliens. Church, 2015 WL 7738032, at *5 (emphasis

added).  The Hobbs Act statute, however, "does not require a sentencing court to make a

determination based on a *previous* conviction.  To prove a violation of 18 U.S.C. §

924(c)(1)(A), the government must show that the defendant: (1) carried a firearm; (2)

committed all the acts necessary to be subject to punishment for a crime of violence; and (3)

carried the gun during and in relation to that crime.  Church, 2015 WL 7738032, at *6

(emphasis in original).  Like the Court in McDaniel, the Church Court explicitly noted:

> A jury will be required to find whether the necessary elements have been
> established beyond a reasonable doubt *in this case*.  Therefore, § 924(c) does
> not implicate any of the problems that exist under the ACCA in having to
> reconstruct, long after an original conviction, the conduct underlying the
> predicate offense.

Church, 2015 WL 7738032, at *6 (emphasis in original).

The Church Court quoted Standberry's statement that "'Unlike the retrospective

analysis conducted by sentencing courts, trial courts have the benefit of viewing the evidence

as it unfolds.'"  Church, 2015 WL 7738032, at *6, quoting Standberry, 2015 WL 5920008, at

*2.  Thus, the Church Court similarly agreed that "there is no danger of a "collateral trial" or

of Sixth Amendment issues arising as they do when a sentencing court makes a finding about

a prior conviction that increases a defendant's maximum sentence.  Church, 2015 WL

7738032, at *6, citing Shepard, 544 U.S. at 23 & Descamps, 133 S Ct. at 2288.  This is

because a jury must find, beyond a reasonable doubt, the facts underlying the elements of the

crime actually charged in the indictment in order to convict a defendant.  Church, 2015 WL

7738032, at *6.

Although both the Church Court, and a week later its sister Court in Bauserman, 2015

WL 8180019, at *3, believed that its analysis inevitably led to the conclusion that the Hobbs

Act robbery charged in their respective indictments state a claim under 18 U.S.C. § 924(c), both Courts invited the parties to submit further briefing to address whether the categorical approach developed for purposes of applying the Armed Career Criminal Act at sentencing would apply at the motion to dismiss stage. Church, 2015 WL 7738032, at *7; Bauserman, 2015 WL 8180019, at *3 (relying on the reasoning in Church).

### III.

Having reviewed the recent case law addressing this issue we agree that "the categorical approach does not apply on a pre-trial motion to dismiss an indictment, and therefore the question whether the commission of a particular Hobbs Act robbery qualifies as a § 924(c) crime of violence is properly submitted to a jury properly instructed as to the definition of a crime of violence set forth in § 924(c)(3)." McDaniels, 2015 WL 7455539, at *4. The categorical approach was created and applied for situations when a sentencing court had to make a determination based on a defendant's *previous* conviction as to whether the prior conviction qualified as a statutorily defined "crime of violence," which if the prior conviction did qualify it would have the effect of increasing the penalty for the defendant. This implicates Sixth Amendment constitutional concerns since a sentencing court necessarily was looking into the past at a bare and often incomplete record, where it was uncertain as to the exact conduct the particular defendant engaged in to warrant his conviction.

On a pretrial motion to dismiss we do not face any of these concerns. The burden will be on the government to establish every element of the charged offenses, including whether the defendant has engaged in conduct that equates to the element of a crime of violence. A properly charged jury will then arrive at its conclusion and the Court, the defendant, and the

government will know by the jury's verdict whether the defendant engaged in a statutorily defined crime of violence based on the facts as established at trial.

Alternatively, were we to apply the categorical approach, or like the <u>McDaniels</u> Court, analyze whether Hobbs Act robbery states a crime of violence, we would, like every other court to consider the matter, conclude that it did. Based on our analysis we need not consider whether the residual clause is unconstitutional.

**IV.**

Based on the reasoning set forth above, Defendant Joseph V. Monroe's Motion to Dismiss Count Two be and hereby is DENIED.

Date: _January 21, 2016_

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Court Judge