IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 15-74 |
| | ) | |
| JOSEPH V. MONROE | ) | |

## OPINION & ORDER ON PRETRIAL DISCOVERY MOTIONS

On April 2, 2015, a three-count Indictment was filed against Defendant Joseph V. Monroe, charging him with Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a)(1); using, carrying, and brandishing a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and with possession of firearms after having been convicted of crimes punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1).

Mr. Monroe has filed the following pretrial motions: Motion to Dismiss Count Two (ECF No. 34); Motion to Suppress Statements (ECF No. 35); Motion for Discovery (ECF No. 36); and Motion to Produce Evidence (ECF No. 37). Having already disposed of Mr. Monroe's Motion to Dismiss Count Two, we now resolve his motions for discovery and evidence.

### I. Motion for Discovery

In Mr. Monroe's Motion for Discovery he asks the Court to order the government to turn over, to the extent the government has not yet done so, a variety of material subject to discovery under Federal Rule of Criminal Procedure 16; evidence that might be subject to a motion to suppress; any exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963);

and potential impeachment material under Giglio v. United States, 405 U.S. 150, 154 (1972).

As succinctly stated by the appellate court in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994):

> [c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases. In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In Brady, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992).

Id. at 67-68. See also United States v. Bagley, 473 U.S. 667, 672 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial").

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2). The Jencks Act provides in relevant part as follows:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be

2

the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

. . . .

18 U.S.C. § 3500(a) & (b).

Pursuant to Brady, 373 U.S. 83, the government is obligated to disclose exculpatory evidence without undue delay. "To establish a Brady violation, it must be shown that (1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment." United States v. Risha, 445 F.3d 298, 303 (3d Cir. 2006), citing United States v. Pelullo, 399 F.3d 197, 209 (3d Cir. 2005).

Federal Rule of Criminal Procedure 16(a)(1)(G) requires that "Upon a defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Mr. Monroe asks for statements of the Defendant under Rule 16(a)(1)(A); any evidence, documents, and objects under Rule 16(a)(1)(C); tests, procedures performed in connection to the case and within the purview of Rule 16(a)(1)(F); results or reports of physical or mental examinations, and of scientific tests or experiments, as defined in Rule 16(a)(1)(D); expert testimony information pursuant to Rule 16(a)(1)(G), Rule 16(a)(1)(E), and

3

under Federal Rules of Evidence 703 and 705; information related to any scientific testing that has been performed; and evidence (and related information) which might be subject to a motion to suppress (citing Rules 12(b)(4)(A) & (B).

The government states that it has already complied with Rule 16 and has provided all relevant material under Rule 16. In addition, the government states that it is aware of its obligation to provide additional material as it becomes available. The government further states that it has provided to counsel the only written or recorded statement of Defendant known to counsel, and thus there are no other statements of the Defendant in the government's possession. Similarly, the government has also already provided defense counsel with the opportunity to examine the firearms seized in this case, and notes that additional time for an inspection is available if so desired. The government implies that no scientific or other tests or data are in its possession, as the government states that it will provide any such copies when they are available. The government further states that it will disclose expert information in accordance with a pretrial order.

It appearing that the government has complied with its discovery obligations we will deny Mr. Monroe's motion for discovery as moot, but without prejudice to file an additional motion for production of discovery should counsel have reason to believe that there is discovery material that has not been produced and not addressed by the government in its response. In addition, with regard to expert information we encourage the government to produce such information in time for effective use at trial and in order not to delay trial.

Mr. Monroe also requests that the government honor its affirmative duty to produce any evidence favorable to Mr. Monroe that is material to either guilt or punishment as

exculpatory material under Brady, 373 U.S. 83, including material that can be used to impeach the prosecution's witnesses under Giglio, 405 U.S. 150. In response, the government summarily states that Mr. Monroe's request for impeachment material is premature, but that such material will be provided in time for effective use at trial.

We will deny Mr. Monroe's motion as moot. We do however encourage the government to provide defense counsel with Jencks Act materials in time for its effective use at trial and in order to avoid any delays during trial. We also note that the government has a continuing obligation to provide supplement materials as they become available. Thus, the government should disclose exculpatory or impeachment evidence that must be disclosed pursuant to the relevant law as it becomes known to the government and consistent with the Jencks Act.

**II. Motion to Produce Evidence under Rules 404(b) and 609**

Finally, Mr. Monroe requests that the government produce evidence it intends to use under Rule 404(b) and 609. Again, the government indicates that the request is premature, but also notes that Mr. Monroe has not shown that he is entitled to anything other than the reasonable notice required by rule. The government indicates that it will comply with a court order setting a reasonable notice for disclosure of this material prior to trial. Accordingly, we will deny Mr. Monroe's motion to produce such evidence at this time as premature. Once such information is disclosed prior to trial, Mr. Monroe may seek a hearing on the admissibility of such evidence under the applicable rules. We will order disclosure of this material far enough in advance of trial in order not to delay jury selection and the start of the trial.

### III. Conclusion

Based on the above discussion the following ORDER is hereby entered.

Defendant's Motion for Discovery is DENIED as moot, without prejudice, as discussed above.

Defendant's Motion to Produce Evidence the government intends to use under Rules 404(b) and 609 is DENIED as moot, as discussed above.

Date: February 4, 2016

Maurice B. Cohill, Jr.
Senior United States District Court Judge