# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 15-74 |
| | ) | |
| JOSEPH V. MONROE | ) | |

## ORDER REGARDING HEARING ON MOTION TO SUPPRESS

On April 2, 2015, a three-count Indictment was filed against Defendant Joseph V. Monroe, charging him with Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a)(1); using, carrying, and brandishing a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and with possession of firearms after having been convicted of crimes punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1).

Mr. Monroe has filed the following pretrial motions: Motion to Dismiss Count Two (ECF No. 34); Motion to Suppress Statements (ECF No. 35); Motion for Discovery (ECF No. 36); and Motion to Produce Evidence (ECF No. 37). We have already disposed of all of Mr. Monroe's motions, except for his Motion to Suppress Statements. The government has requested that we rule on the motion in its favor without holding an evidentiary hearing. For the reasons that follow we decline to rule without a hearing.

The government and Mr. Monroe agree that Mr. Monroe was in custody when he made incriminating statements to law enforcement when he was questioned. Mr. Monroe argues that the statements should be suppressed because he did not knowingly and intelligently waive his right to self-incrimination.

The Fifth Amendment to the United States Constitution provides that all criminal defendants have a privilege against self-incrimination. U.S. Const. Amend. V. Further, pursuant to Miranda v. Arizona, 384 U.S. 438 (1966), "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogations of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." United States v. Jackson, 2009 WL 3008993, *4 (W.D.Pa. 2009) (quoting Miranda, 384 U.S. at 444).

Here, the government argues that it has sufficient evidence to show that Mr. Monroe understood his rights and voluntarily waived his rights when issuing his statements to law enforcement. Specifically, the government has provided three documents signed by Mr. Monroe: a waiver of rights under Rule 5 of the Federal Rules of Criminal Procedure, a signed consent to search his cellular telephone, and a signed waiver of his Miranda rights. Gov. Omnibus Resp. 14. Furthermore, the government argues that Mr. Monroe has failed to raise a sufficient factual basis in support of his motion to warrant an evidentiary hearing. Id. 15.

In an unpublished decision, the United States Court of Appeals for the Third Circuit explained that a "district court may deny a motion to suppress without a hearing when the defendant fails to provide a factual basis for the hearing and merely relies upon the government's 'burden of proof to establish adequate Miranda warnings.'" United States v. Stoddart, 48 Fed. Appx. 376, 380 (3d Cir. 2002) (unpublished), quoting United States v. Howell, 231 F.3d 615, 621 (9th Cir.2000). In deciding the question of whether to hold an evidentiary hearing the Third Circuit Court explained in a later unpublished decision that

> a defendant's moving papers must demonstrate a 'colorable claim' for relief. In order to be 'colorable,' a defendant's motion must consist of more than mere bald-faced allegations of misconduct. There must be issues of fact material to the resolution of defendant's constitutional claim." United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir.1996) (internal citations omitted); see also United States v. Richardson, 764 F.2d 1514, 1526–27 (11th Cir.1985) ("[A] trial court may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief.").

United States v. Cummings, 156 Fed. Appx. 438, 444 (3d Cir. 2005) (unpublished).

Here, Mr. Monroe specifically alleges that he did not have the capacity to voluntarily and knowingly waive his rights, nor was he able to stop the questioning because he was suffering from the effects of drug addiction and withdrawal. In addition, he alleges that his lack of capacity to waive his rights under the specific circumstances occurring when he was questioned also lead to the conclusion that his waiver of rights was not valid.

We find these allegations are more than just boiler-plate assertions designed merely to hold the government to its proof. The government has provided an argument tending to show that drug addiction and drug withdrawal are insufficient to show that a waiver of rights was not valid. However, the issue before this Court concerns a specific defendant and we must make our determination based on the specific factual circumstances that occurred in this case. Mr. Monroe has demonstrated a colorable claim for relief. Mr. Monroe's contention that he lacked the mental capacity to validly waive his rights requires that we make an individualized determination and that requires an evidentiary hearing. We therefore deny the government's request to rule on the motion to suppress without a hearing.

An evidentiary hearing on Defendant's Motion to Suppress Statements is hereby scheduled for Wednesday, March 30, 2016 at 10:00 AM in Courtroom 8A, United States Courthouse, Pittsburgh, Pennsylvania.

Date: March 2, 2016

Maurice B. Cohill, Jr.
Senior United States District Court Judge