IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR 15-74 |
| | ) |
| v. | ) |
| | ) |
| JOSEPH MONROE | ) |

## OPINION

### SYNOPSIS

On June 15, 2016, Mr. Monroe entered a guilty plea to Counts 1 and 2 of the Indictment. (ECF No. 51). This Court then sentenced Mr. Monroe to a total term of imprisonment of 120 months at Counts 1 and 2 followed by a term of supervised release of 5 years. (ECF No. 66). According to Inmate Locator, Monroe's projected release date is December 7, 2023. Monroe has filed a *pro se* Motion seeking compassionate release pursuant to 18 U.S.C. § 3582. (ECF No. 78)[1] The Federal Public Defender's Office declined to supplement Monroe's submissions. Both the Government and Probation have responded. (ECF Nos. 85, 86) For the following reasons, Defendant's Motion will be denied.

### ANALYSIS

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, having determined that the defendant has exhausted his administrative remedies, and after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that

---

[1] Pursuant to Monroe's request, the Motion was sealed as were the documents filed in support thereof. (ECF No. 80).

1

"extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[2] According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include the defendant's medical condition, the defendant's age, the defendant's family circumstances, or another extraordinary and compelling reason. Id. at comment. n. 1(A)-(D). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A).

After careful consideration, I find that Monroe cannot establish "extraordinary and compelling reasons" under any of these circumstances.[3] He does not suffer from a terminal illness. Nor does he suffer from a serious physical or medical condition or functional or cognitive impairment, nor is he experiencing deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-fare within the correctional facility. Neither is he at least 65 years of age. Finally, he has not alleged the requisite "family circumstances." Specifically, he has not alleged the death or incapacitation of the caregiver of his minor child / children, or the incapacitation of his spouse or registered partner.

Rather, he alleges that his mother is now incapacitated and cannot provide care for Monroe's young niece. Providing care for a niece, however, does not fall within the definition of "Family Circumstances" in the Sentencing Guidelines Policy Statement. Where a defendant alleges the death or incapacitation of someone other than the

---

[2] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.
[3] Monroe has exhausted his administrative burdens. Given my finding that he has not established extraordinary and compelling reasons supporting a reduction in sentence, I need not consider the factors set forth in 18 U.S.C. §3553(a).

caregiver of his minor child or his spouse or registered partner, relief is unavailable. *See United States v. Thornton*, Crim. No. 18-167, 2020 WL 468155, at * 5 n. 10 (W.D. Pa. July 29, 2020) (denying compassionate release for family circumstances where defendant sought to aid the mother of his two daughters who experienced difficulties caring for their teenage child because his family circumstances "do not involve incapacitation or death of a caregiver"); *United States v. Yocum*, Crim. No. 3-31, 2021 WL 2137679, at * 2 (M.D. Pa. May 26, 2021) (mother's inability to provide care to defendant's minor child because of position as essential worker is not the same as a caregiver being incapacitated and therefore does not support compassionate release), *United States v. Matthews*, Crim. No. 14-148, 2021 WL 2660272, at * 3 (D.N.J. June 29, 2021) (defendant's mother's multiple health complications do not meet any of the enumerated factors listed under the family circumstances and therefore do not justify his release), *United States v. Jones*, Crim. No. 16-135, 2021 WL 212233, at * 2 (E.D. Wis. Jan. 21, 2021) (extraordinary and compelling reasons do not exist based upon family circumstances where the mother of the defendant's child was unable to provide care for their son while employed as an essential worker because she was alive and well) and *United States v. Shine*, Crim. No. 14-148, 2020 WL 3440654, at * 3 (N.D. Tex. June 23, 2020) (finding death of paternal grandmother did not constitute "extraordinary and compelling circumstances" where the grandmother, who helped take care of grandchild, was not caregiver). Further, a "demonstration of suitability is 'implicitly required' by the 'extraordinary and compelling standard'" within the context of family circumstances and caring for a minor child. See *United States v. Dawkins*, Crim. No. 8-412, 2021 WL 1946662, at * 3 (W.D. Pa. May 14, 2021) (*citations omitted*). Here, Monroe has not

supported his motion with evidence that he is a suitable caregiver for his niece. Indeed, as the Government highlights, two of Monroe's past convictions relate to domestic violence incidents during which a child was present or involved. Consequently, even were I inclined to find that Monroe otherwise met the "family circumstances" requirements, I would find that he has not demonstrated that he is a suitable caregiver. Finally, there is no documentation supporting his allegation that his mother is incapacitated or that Monroe is the only person otherwise available to provide care.

If the defendant's medical condition is found to be a type that puts him at an increased risk of an adverse outcome from COVID-19, a court may find that extraordinary and compelling reasons exist under "(D) – Other Reasons." U.S.S.G. § 1B1.13. Monroe does not advance this argument however, given his *pro se* status and in light of the fact that he argued before the Bureau of Prisons that his history of asthma and past diagnosis of COVID-19 while incarcerated supported release, the Court will consider these contentions. To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, Crim. No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).

After careful consideration, I find that Monroe's medical history does not merit release under this "catch-all" provision. First, his medical records indicate that he has fully recovered from COVID-19. *See* ECF 80-1, p. 15. Further, it appears that Monroe

4

stated that he has not recently used his inhaler. See ECF 80-1, p. 29. Indeed, there is no indication that Monroe used his inhaler on a regular basis while incarcerated or has suffered from any asthma attacks. Finally, the medical records indicate that Monroe has been fully vaccinated. *See* ECF 80-2, p. 64. The CDC explains that people are considered to be fully vaccinated two weeks after they have received the second dose in a 2-dose series. See Guidance for Fully Vaccinated People, CENTERS FOR DISEASE CONROL AND PREVENTION (updated July 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html [4] According to the CDC, the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection." CDC, Information about the Pfizer-BioNTech COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html. Having been vaccinated, Monroe "now has significant protection against serious illness or death should he contract COVID-19." *United States v. Singh*, Crim. No. 15-28, 2021 WL 92870, at * 3 (M.D. Pa. Mar. 11, 2021). As such, I am persuaded that the administration of an effective COVID-19 vaccine lessens the risk of serious illness or death from a COVID-19 infection. *See also, United States v. Hannigan*, Crim. No. 19-373, 2021 WL 1599707, at * 5-6 (E.D. Pa. April 22, 2021) ("Each of the authorized COVID-19 vaccines are highly effective at protecting vaccinated people against symptomatic and severe COVID-19."), *United States v. Roper*, Crim. No. 16-

---

[4] According to the CDC, "currently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19. Additionally, a growing body of evidence suggests that fully vaccinated people are less likely to have asymptomatic infection and potentially less likely to transmit SARS-CoV-2 to others." *See Guidance for Fully Vaccinated People.*

335, 2021 WL 963583, at * 4 (E.D. Pa. Mar. 15, 2021) (concluding that a defendant who has been inoculated with the Moderna vaccine does not have a risk of severe illness and therefore does not present an extraordinary and compelling reason for release), and *United States v. Stiver*, Crim. No. 17-64, 2021 WL 1110593, at * 1 (W.D. Pa. Mar. 23, 2021) (given the defendant's Pfizer vaccination, he cannot demonstrate an extraordinary and compelling reason for release). As have other courts, I recognize that the "COVID-19 situation is always-changing and that it is unclear how emerging COVID-19 variants will alter vaccine efficacy over time." *Hannigan*, 2021 WL 1599707 at * 5. As of now, however, the CDC indicates that Monroe has significant protection against serious illness due to his vaccination. Consequently, I find that Monroe has not demonstrated extraordinary and compelling reasons for release and I need not continue in my analysis. If the scientific information on the protection offered by vaccinations changes, the Defendant is free to file a renewed Motion. Because he cannot demonstrate extraordinary and compelling reasons supporting release at this time, the Motion is denied.

                                                           BY THE COURT:

                                                           */s/ Donetta W. Ambrose*
                                                           _____

                                                           Donetta W. Ambrose
                                                           Senior Judge, U.S. District Court

Dated: July 27, 2021